## LINCOLN vs. HANCOCK.

Objection for want of bond for costs is waived by the party appearing and pleading to the action.

Non-residence of plaintiff, is good in avoidance of plea of the statute of limitations.

APPEAL, from justice of the peace determined in Pulaski in December, 1843, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Jacob B. Hancock sued Lemuel R. Lincoln upon a note for $43 75, dated 21 January, 1833, payable at the office of the Bank of the United States at Cincinnati, ninety days after date. Upon affidavit filed Lincoln moved to dismiss, because the plaintiff was non-resident, and had filed no bond for costs—bond ordered to be filed, which was done. He then moved on affidavit filed, to dismiss because the counsel prosecuting had no authority so to do—overruled. He then moved to dismiss, because the note sued on was made payable to Jacob B. Hancock or order, and he was summoned to appear and answer Jacob Hancock—overruled. He then pleaded the statute of limitations of this State, and of the State of Ohio, and there being no evidence that the plaintiff was a non-resident except that he now resided in Ohio, the justice decided for the defendant on the plea of the statute: and Hancock appealed. In the circuit court Lincoln moved to dismiss because the appeal was not filed until after the first day of the term: and because the appeal was from a judgment of nonsuit—overruled. He then moved to dismiss for want of bond for costs, on affidavit of plaintiff's non-residence. This was overruled, and he moved for a rule on plaintiff's attorney to share his authority for prosecuting—overruled upon showing of plaintiff's attorney. The record does not disclose the authority. He then plead the statutes of limitation of this State and of Ohio. To the first, there was issue, and the last a demurrer; and the case submitted to the court sitting as a jury, who found for Hancock, $43 75 debt, $27 75 damages, and all costs in that court and before the justice. Pending the trial, Lincoln objected to all the evidence offered by the plaintiff, and to save his objection, filed a bill of exceptions setting it out. The evidence consisted of the witnesses residing at Cincinnati, and proving that Hancock had resided there ten years or

more, then past, and had not within that time, nor before, to their knowledge and belief, resided in Arkansas. The depositions were taken and certified, under a regular commission, and notice to the defendant, and strictly confirmed in all respects to the requirements of the statute. Lincoln brought error.

*Hempstead & Johnson,* for plaintiff. A party may before judgment, upon sufficient showing, require the attorney representing his adversary to show his authority. *Tally vs. Russell,* 1 *Ark.* 99. The attorney in this case made no response to the rule in writing, which he was bound to do for the future safety of defendant.

*Ashley & Watkins,* contra. The bond that appears in the record, conforms to the statute and is sufficient; at all events, it is no part of the record, unless made so by exceptions.

The judgment of the justice was a final judgment, and one from which an appeal would lie.

The objection that the showing of the attorney was insufficient, is nothing; because the evidence produced by him, does not appear on the record: and even if it did, the objection was waived by pleading over. The bill of exceptions does not purport to set out all the evidence at the trial.

The plaintiff in error abandoned his motion to dismiss, because after the motion overruled, he voluntarily appeared to the action, and the court by such appearance, obtained jurisdiction of the case.

*By the court,* LACY J. The objection taken to the want of a bond for costs, is waived by the defendants appearing and pleading to the action. The exception put in to the reading of the depositions is unavailing, as it fails to point out any valid objection, which would have authorized their exclusion as testimony. The statute of limitations relied on, will not bar the action, for the proof shows the plaintiff to be a non-resident, which brings his case expressly within the saving of the act. Judgment affirmed.